FILED
JUN 25 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| | |
|---|---|
| United States District Court | District Southern California |
| Name (under which you were convicted): MARTIN EDWARD WALTERS | Docket or Case No.: 88-0769-G-crim. |
| Place of Confinement: C.S.P. - SOL. P.O. Box 4000, VACAVILLE CA. 95696 | Prisoner No.: 15496-198 88CR0769 DMS |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) MARTIN EDWARD WALTERS |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court Southern District of California.

   (b) Criminal docket or case number (if you know): 88-0769-G-Criminal.

2. (a) Date of the judgment of conviction (if you know): MAY 9 1990

   (b) Date of sentencing: JAN. 17, 1991

3. Length of sentence: 272 months

4. Nature of crime (all counts):

   I dont Remember them all.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? I plead guilty to Counts 1, 10, and 13. Conspiracy to Manufacture Methamphetamine; Possession of unregistered firearm; use of a firearm during a drug trafficing crime.

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒

9. If you did appeal, answer the following:

(a) Name of court: ______

(b) Docket or case number (if you know): ______

(c) Result: ______

(d) Date of result (if you know): ______

(e) Citation to the case (if you know): ______

(f) Grounds raised: ______

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

(5) Grounds raised: ______

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

(7) Result: ______

(8) Date of result (if you know): ______

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

(7) Result: ______

(8) Date of result (if you know): ______

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☑

(2) Second petition: Yes ☐ No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: Petitioner [redacted] does not Know if his lawyer appealed, Their was no Known issue then.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Petitioner's guilty Plea was obtained by unfulfilled promises of the Prosecutors, Violation Petitioner's Constitutional Rights.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner pleaded Guilty based upon the understanding that his federal Sentence would be longer than his State Sentence and the State Sentence would run Concurrent to the Fed. Sentence; Prosecutors promised My State Sentence would be concurrent and served in federal Custody. Now, State officials refuse to honor the provisions of My plea Agreement that were designed to effectuate My release from custody at the expiration of My federal Sentence, defeating My purpose for pleading guilty in both State and Federal Courts. This was a package deal Settlement. Petitioner would not have pleaded guilty had it not been for the express promises and representations of release.
(see next page for Added Facts.)

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: this issue had not ripened into a Violation until 1-28-2008.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

~~Yes~~ ☒ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Petition for Writ of Habeas Corpus (State Court)

Name and location of the court where the motion or petition was filed: ______

Petitioner's guilty plea(s) was Based upon the express promises and assurances of the State and Federal prosecutors and appointed lawyers.

On 5-9-1990, and before, Assistant United States Attorney D. THomas Ferrarro, Told me, and witnessed by both Larry Ainbinder (esq.) and James F. Pokorny (esq.) "That the States time would be concurrent to the Federal time" (I would receive.)

I was told that "I was a Federal inmate and would remain a Federal inmate", as a express promise of the State Prosecutor Evan Miller and approved by Hon. Jesus Rodriguez.

These inducements and many other discussions with Counsel lead [me] to believe that Petitioner would be free at the expiration of Petitioner's federal sentence.

This was the purpose of resolveing both cases by negotiated Plea agreements, and Petitioner would not have pleaded ~~However~~ guilty had he Known his conditions for pleading guilty would not be honored, and/or his expectation of freedom or release from prison at the expiration of his Federal Sentence would not happen.

For a Detailed account of the facts please see My Petition for Writ of Habeas Corpus, Title 28 U.S.C. §2254, Civil NO. 08 cv 167 DMS (NLS), MARTIN EDWARD WALTERS VS. D.K. SISTO, (incoporated herein.)

On or about Jan. 17, 2008, the State refused, by inaction, to honor the express promises it made, and to fulfill my your expectations.

Docket or case number (if you know): ______

Date of the court's decision: D

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Their was no issue known then; and the promises

GROUND TWO: ______

N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

N/A

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND THREE: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): N/A

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑ N/A

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND FOUR: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑ N/A

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑ N/A

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? NO
If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: James F. Pokorny
(b) At arraignment and plea: James F. Pokorny
(c) At trial: N/A
(d) At sentencing: James F. Pokorny

(e) On appeal: unknown

(f) In any post-conviction proceeding: None

(g) On appeal from any ruling against you in a post-conviction proceeding:
None

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ❑ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ______

(b) Give the date the other sentence was imposed: ______

(c) Give the length of the other sentence: ______

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ❑ No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Petitioner's Conviction(s) was predicated on prosecutions promises and Court Appointed Counsels assurances that My State Sentence would expire before My Federal Sentence. Petitioner did not discover that the breach of the Inducements ~~[illegible]~~ or comprehension of the execution of his sentences would occur (factually) until 1-27-2008. My plea(s) was either induced by Mistake or Misrepresentation of the State and Federal Prosecutors, and My ~~lawyers~~ appointed Lawyers (state and Federal). Because they all promised, inter alia, that any time I received in My State Case would be concurrent (and shorter) than My federal Sentence; and both Sentences would be Served in Federal Custody. On 1-28-08, My Fed. Sentence Should have expired and On 1-10-08, State Officials refused to Send me to Fed. Custody, frustrating My purpose for pleading guilty in both Cases; and breached the express promises, respectively. the breaches were not Known and Could not have been Known until Jan. 2008 or ripe for review.

Petitioner did his best to fix the problem Administratively, in State Court, and in Fed. Court in a Title 28 U.S.C. § 2254 Petition. Petitioner is a layman at law. ~~[illegible]~~

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

19. Date you are mailing (or handing to a correctional officer) this Petition to this court: June 2008

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

Martin Walters

SIGNATURE OF ATTORNEY (IF ANY) Pro Per

I declare under penalty of perjury that the foregoing is true and correct. Executed on

6-11-2008 Martin Walters

(DATE) SIGNATURE OF PETITIONER

# EXHIBIT COVER PAGE:

Exhibit: ________________

Description of this exhibit:

Number of pages of this exhibit:________pages

JURISDICTION: (Check only one)

_____Municipal Court

_____Superior Court

_____Appellate Court

_____State Supreme Court

_____United States District Court

_____United States Circuit Court

_____United States Supreme Court

_____California Department of Corrections, 602 Exhibit.

_____Other: ____________________________________________________

CA-STAT-AN2 - PENAL Sec. 1168, Sentence to imprisonment in state prison; trial court sentencing; fixing of term or duration

------------ Excerpt from page 86744 follows ------------

HISTORICAL AND STATUTORY NOTES

2004 Main Volume

As added in 1917, the section read:

"(a) Every person convicted of a public offense, for which public offense punishment by imprisonment in any reformatory or the state prison is now prescribed by law, if such convicted person shall not be placed on probation, a new trial granted, or imposing of sentence suspended, shall be sentenced to be confined in the state prison, but the court in imposing such sentence shall not fix the term or duration of the period of imprisonment.

"(b) It is hereby made the duty of the warden of the state prison to receive such person, who shall be confined until duly released as provided for in this act; provided, that the period of such confinement shall not exceed the maximum or be less than the minimum term of imprisonment provided by law for the public offense of which such person was convicted.

"(c) It shall be the duty of the judge before whom such convicted person was tried, and of the district attorney conducting the prosecution, to obtain and with the commitment furnish to the state board of prison directors in writing all information that can be given in regard to the career, habits, degree of education, age, nativity, nationality, parentage, and previous occupation, of such convicted person, together with a statement to the best of their knowledge as to whether such person was industrious or not, of good character or not, the nature of his associates and his disposition.

"(d) The governing authority of the reformatory or prison in which such person may be confined, or any board or commission that may be hereafter given authority so to do, shall determine after the expiration of the minimum term of imprisonment has expired, what length of time, if any such person shall be confined, unless the sentence be sooner terminated by commutation or pardon by the governor of the state; and if it be determined that such person so sentenced be released before the expiration of the maximum period for which he is sentenced, then such person shall be released at such time as the governing board, commission or other authority may determine.

"(e) The state board of prison directors shall make all necessary rules and regulations to carry out the provisions of this act not inconsistent therewith, and may provide the forms of all documents necessary therefor.

------------ Excerpt from page 86745 follows ------------

"(f) Any convicted person undergoing sentence in either of the state prisons of this state, not sooner released under the provisions of this act shall, in accordance with the provisions of existing law, be discharged from custody on serving the maximum punishment provided by law for the offense of which such person was convicted."

The act which added this section also contained the following provision: "This act shall take effect upon the adoption of an amendment to the Constitution authorizing the Legislature to provide for the government, charge, and superintendence of an institution for females charged with or convicted of public offenses."

The section was extensively modified in 1927, rewritten in 1929, to incorporate provisions previously appearing in former §§ 18, 18a, and 1588, and amended in various aspects in 1931, 1933, 1935, and 1937. As amended in 1937, prior to the distribution of most of the provisions to other sections in 1941, the section read:

"(1) Imprisonment. Every person convicted of a public offense, for which imprisonment in any reformatory or State prison is now prescribed by law shall, unless such convicted person be placed on probation, a new trial granted, or the imposing of sentence suspended, be sentenced to be imprisoned in a State prison, but the court in imposing the sentence shall not fix the term or duration of the period of imprisonment.

"It is hereby made the duty of the warden of any of the State prisons to receive such person, who shall be imprisoned until duly released as provided for in this section. The term of imprisonment shall not exceed the maximum or be less than the minimum term of imprisonment provided by law for the public offense of which such person was convicted.

"The Board of Prison Terms and Paroles, or any board or commission that may be hereafter given authority so to do, may determine and redetermine after the expiration of the minimum term of imprisonment provided by law, except that in cases in which the minimum term of imprisonment is more than six months, the Board of Prison Terms and Paroles may determine after the expiration of six

months from and after the actual commencement of such imprisonment, what length of time, if any, such person shall be imprisoned, unless the sentence be sooner terminated by commutation or pardon by the Governor of the State.

"When a prisoner has imposed upon him two or more cumulative or consecutive sentences, the Board of Prison Terms and Paroles may determine after the expiration of six months of his first sentence, what length of time he shall serve on all such cumulative or consecutive sentences.

"In case any convicted person undergoing sentence in any of the State prisons commits any infraction of the rules and regulations of the prison board, or escapes while working outside such prison under the surveillance of prison guards, or violates his parole, the Board of Prison Terms and Paroles may revoke any order theretofore made determining the length of time such convicted person shall be imprisoned, and make a new order determining such length of time not exceeding the maximum penalty provided by law for the offense for which he was convicted, unless the sentence be sooner terminated by commutation or pardon by the Governor of the State. Such revocation and redetermination shall not be had except upon a hearing upon the question of such infraction or escape or violation and an adjudication by the board that such prisoner was guilty thereof, which adjudication shall be final. At such hearing such prisoner, unless outside the walls of the prison as an escape and fugitive from justice, shall be present and entitled to be heard and may present evidence and witnesses in his behalf.

------------ Excerpt from page 86746 follows ------------

"Any convicted person undergoing sentence in any of the State prisons, not sooner released under the provisions of this section shall, in accordance with the provisions of existing law, be discharged from custody on serving the maximum punishment provided by law for the offense of which such person was convicted.

"(2) Certain minimum penalties. The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence:

"(a) For a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, five years;

"(b) For a person previously convicted of a felony either in this State or elsewhere, and armed with a deadly weapon, either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, ten years;

"(c) For a person previously convicted of a felony either in this State or elsewhere, but not armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, five years;

"(d) For a person convicted at one trial of more than one felony, and upon whom are imposed cumulative or consecutive sentences the aggregate of the minimum terms of which exceed ten years, ten years;

"(e) Such minimum penalties shall apply only when such possession of a deadly weapon or previous conviction of a felony as above specified has been charged and admitted or found to be true in the manner provided by law and the minimum terms specified in paragraphs (a) and (b) shall not apply in those cases wherein the property stolen or sought to be stolen is an animal or animals and the manner in which such property is taken or attempted to be taken constitutes the crime of theft and the weapon used during the commission thereof is not used or intended to be used against a person or to resist arrest.

"The words 'deadly weapon' as used in this section are hereby defined to include any instrument or weapon of the kind commonly known as a blackjack, slung shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver or any other firearm, any knife having a blade longer than five inches, any razor with an unguarded blade and any metal pipe or bar used or intended to be used as a club.

"(3) Good credits. The State Board of Prison Directors shall require of every able-bodied prisoner imprisoned in any State prison as many hours of faithful labor in each and every day during his term of imprisonment as shall be prescribed by the rules and regulations of the prison.

------------ Excerpt from page 86747 follows ------------

"In all cases there may be allowed to apply upon the term of imprisonment fixed such credits for meritorious conduct and diligent labor as are or may be authorized by law.

"Except as otherwise provided in this section, every prisoner who has committed no infraction of the rules of regulations of the prison, or the laws of the State, and who performs in a faithful, diligent, industrious, orderly and peaceable manner the work, duties and tasks assigned to him to the satisfaction of the prison officials, and in whose behalf the warden of the prison shall file a report certifying that his conduct and work have been meritorious and recommending allowance of time credits to him, shall upon, but not until, the adoption of such recommendation by the State Board of Prison Directors, be allowed time credit reductions from his term of confinement (instead of and in lieu of such time credits as were heretofore allowed by law) a deduction of two months in each of the first two years, four months in each of the next two years, and five months in each of the remaining years of said term, and correspondingly for any part of the year, where such term of confinement is for more or less than a year. The mode of reckoning credits, recommended by the warden and allowed by the Board of Prison Directors, shall be as shown by the following table:

| Number of years of sentence | Good time that may be earned | Total good time that may be earned | Time to be served if full credits are earned and allowed |
|---|---|---|---|
| 1st year ..... | 2 months | 2 months | 10 months |
| 2nd year ..... | 2 months | 4 months | 1 year 8 months |
| 3rd year ..... | 4 months | 8 months | 2 years 4 months |
| 4th year ..... | 4 months | 1 year | 3 years |
| 5th year ..... | 5 months | 1 year 5 months | 3 years 7 months |
| 6th year ..... | 5 months | 1 year 10 months | 4 years 2 months |
| 7th year ..... | 5 months | 2 years 3 months | 4 years 9 months |
| 8th year ..... | 5 months | 2 years 8 months | 5 years 4 months |
| 9th year ..... | 5 months | 3 years 1 month | 5 years 11 months |
| 10th year ..... | 5 months | 3 years 6 months | 6 years 6 months |

"And so on, through as many years as may be the time of confinement.

"The phrase 'term of confinement' as used herein shall not in any case be construed to include sentences for crimes committed while under commitment to a State prison but in all such cases the credits shall be computed on the separate sentence resulting from such conviction.

------------ Excerpt from page 86748 follows ------------

"If any convict shall assault any keeper, guard, foreman, officer, convict or other person, or threaten or endanger the person or life of anyone, or violate or disregard any prison rule or regulation, or neglect or refuse to do the work to which he is assigned, or be guilty of any misconduct, the

Board of Prison Directors may declare a forfeiture of all time credits theretofore earned by or allowed to him before the commission of such offense and/or all time credits which he may thereafter earn, or the Board of Prison Directors may forfeit such part of such time credits as they may determine; such forfeitures, however, shall be made only by the board of directors after due proof of the offense and notice to the offender unless such offender be outside the walls of the prison as an escape and fugitive from justice, and the board may restore time credits forfeited for good cause shown, and may allow extra credits for extra meritorious conduct and industry.

"(4) Parole. The Board of Prison Terms and Paroles shall have power to establish rules and regulations under which any prisoner who is now, or who hereafter may be imprisoned in any of the State prisons, and who had served the period of time prescribed by this section, may be allowed to go upon parole outside the prison buildings and inclosures.

"No prisoner may be paroled in any case until he has served the minimum term of imprisonment provided by law for the offense of which he was convicted, except that in cases of parole not otherwise specifically provided by this section, or if this section does not specifically provide such minimum sentence, then by other provisions of law, in which the minimum term of imprisonment is more than one year, he may be paroled at any time after the expiration of one-half the minimum term of imprisonment provided by law for the offense of which he was convicted, with benefit of credits, but in no case shall he be paroled until he has served one calendar year, and in any case the matter of parole may be determined by the board at any time after the expiration of six months from and after the actual commencement of such imprisonment.

"No prisoner who has served a previous sentence in a State prison in this or any other State or in a Federal penitentiary may be paroled until he has served at least two calendar years.

"No prisoner who has had imposed upon him two or more cumulative or consecutive sentences may be paroled until he has served at least two calendar years of the aggregate time of such cumulative or consecutive sentences.

"No prisoner confined in the State prison and no prisoner under sentence to the State prison who is convicted of an escape or an attempt to escape from the prison or the guards may be paroled until he has served at least two calendar years from and after the date of his return to the prison after

such conviction.

------------ Excerpt from page 86749 follows ------------

"No prisoner imprisoned under a life sentence may be paroled until he had served at least seven calendar years.

"If neither a maximum nor a minimum term of imprisonment is imposed by law for the offense of which the prisoner was convicted, but a fixed and definite term is imposed by the court, he may be paroled after serving one calendar year of his term.

"At least thirty days before the Board of Prison Terms and Paroles shall meet to consider the granting of a parole to any prisoner or to fix and determine the length of time any prisoner shall be confined, the said board shall send written notice thereof to the judge of the superior court before whom the prisoner was tried and convicted and to the district attorney and the sheriff of the county from which the prisoner was sentenced.

"Prisoners on parole shall remain under the legal custody and control of the State Board of Prison Directors and shall be subject at any time to be taken back within the inclosure of the prison. If any parole prisoner shall leave the State without permission of the Board of Prison Terms and Paroles he shall be held as an escaped prisoner and arrested as such.

"The Board of Prison Terms and Paroles upon granting any parole to any prisoner may impose on the parole such conditions as it may deem proper, and may impose as a condition of the parole, that all or a portion of his credits earned, or to be earned, may be forfeited by order of the State Board of Prison Directors in the event that such prisoner shall break his parole or violate any law of the State, or rule or regulation of the prison, or of the State Board of Prison Directors, or rule of the Board of Prison Terms and Paroles, or any of the conditions of his parole.

"Such forfeiture of credits shall not be had except upon a hearing upon the question of such violation and an adjudication by the board that such prisoner was guilty thereof, which adjudication shall be final. At such hearing such prisoner, unless outside the walls of the prison as an escape and a fugitive from justice, shall be present and entitled to be heard and may present evidence and witnesses in his behalf.

"Full power to make and enforce rules and regulations relating to the parole of prisoners, to grant paroles thereunder, to suspend, cancel and/or revoke paroles without notice, and to retake and imprison any prisoner so upon parole, is hereby conferred upon the Board of Prison Terms and Paroles. The written order of the chairman of the board shall be a sufficient warrant for all officers named therein to authorize such officers to return to actual custody any conditionally released or paroled prisoner.

------------ Excerpt from page 86750 follows ------------

"It is hereby made the duty of all chiefs of police, marshals of cities and villages, sheriffs of counties, and all police, prison and peace officers, and constables to execute any such order in like manner as ordinary criminal process.

"The Governor of the State shall have like power to cancel and revoke the parole of any prisoner. The written authority of the Governor shall likewise be sufficient to authorize any of the officers named therein to retake and return said prisoner to the State prison. His written order cancelling or revoking the parole shall have the same force and effect and be executed in like manner as the order of the chairman of the Board of Prison Terms and Paroles.

"No parole shall be revoked and no credits forfeited without cause, which cause must be stated in the order revoking the parole or forfeiting the credits.

"From and after the suspension, cancellation, or revocation of the parole of any prisoner and until his return to custody he shall be deemed an escapee and fugitive from justice and no part of the time during which he is an escapee and fugitive from justice shall be part of his term.

"(5) Rules and Regulations. The State Board of Prison Directors and the Board of Prison Terms and Paroles shall make all necessary rules and regulations to carry out the provisions of this section not inconsistent therewith, and may provide the forms of all documents necessary therefor.

"(6) Application of Section. The provisions of this section are to apply to all prisoners now serving sentence in the State prison, to the end that all times the same provisions relating to sentence, imprisonments and paroles of prisoners shall apply to all the inmates thereof.

"(7) Constitutionality. If, for any reason, any subsection, sentence, clause, phrase, or word of this section be found unconstitutional, such decision shall not affect the validity of the

remaining portions of this section."

For partial validity provisions and repeal of inconsistent acts, contained in the 1931 act, see Historical and Statutory Notes under > Penal Code § 18.

The 1941 amendment rewrote the section to read as follows:

"Every person convicted of a public offense, for which imprisonment in any reformatory or State prison is now prescribed by law shall, unless such convicted person be placed on probation, a new trial granted, or the imposing of sentence suspended, be sentenced to be imprisoned in a State prison, but the court in imposing the sentence shall not fix the term or duration of the period of imprisonment."

------------ Excerpt from page 86751 follows ------------

The 1963 amendment added a second paragraph which read as follows:

"When a defendant has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, if it is deemed warranted by the diagnostic study and recommendations approved pursuant to Section 5079, the court may recall the commitment previously ordered and release him under supervision as provided by Section 1203."

The 1967 amendment authorized, in the second paragraph, recall of the "sentence and" commitment and authorized resentence instead of release under supervision.

The 1969 amendment inserted, in the second paragraph following the word "may", the words "within 120 days of the date of commitment on its own motion, or thereafter upon recommendation of the Director of Corrections"

The 1976 amendment rewrote the section to read as follows:

"(a) Every male convicted of a public offense, for which a determinate period of imprisonment in any state prison is now prescribed by law shall, unless such convicted person be placed on probation, a new trial granted, or the imposing of sentence suspended, be sentenced pursuant to Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2. For any male not sentenced under such provision, but who is sentenced to be imprisoned in the state prison the court in imposing the sentence shall not fix the term or duration of the period of imprisonment.

"(b) Every female convicted of a public offense, for which a determinate period of imprisonment in any state prison is now prescribed by law shall, unless such convicted female is placed on probation, a new trial granted, or the imposing of sentence suspended, be sentenced pursuant to Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2. For any female not sentenced under such provisions, but who is sentenced to detention at the California Institution for Women the court in imposing the sentence shall not fix the term or duration of the period of imprisonment."

Section 28 of Stats.1976, c. 1192, p. 5449, provided:

"The state prison sentencing provisions of this act shall be considered to be minimum and maximum prison sentences to be determined by the Adult Authority under Section 1168 or 1168a, as the case may be, and > Section 5077, of the Penal Code, until the operative date of Senate Bill 42 [Stats.1976, c. 1139] of the 1975-1976 Regular Session. On the operative date of Senate Bill 42 [July 1, 1977], the state prison sentencing provisions of this act shall be applied in accordance with the provisions of Senate Bill 42, if Senate Bill 42 is chaptered."

------------ Excerpt from page 86752 follows ------------

The 1977 amendment rewrote the section to read as follows:

"(a) Every person who commits a public offense, for which any specification of three time periods of imprisonment in any state prison is now prescribed by law shall, unless such convicted person be placed on probation, a new trial granted, or the imposing of sentence suspended, be sentenced pursuant to Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2.

(b) For any person not sentenced under such provision, but who is sentenced to be imprisoned in the state prison, including imprisonment not exceeding one year and one day, the court imposing the sentence shall not fix the term or duration of the period of imprisonment."

The 1984 amendment inserted, in subd. (a), "or for which only a single term of imprisonment in state prison is specified".

REFERENCES

CROSS REFERENCES

Board shall determine sentences, see > Penal Code § 5077.
Commitment and treatment of narcotic addicts, discharge of person not fit subject for confinement or treatment, see > Welfare and Institutions Code § 3109.
Commitment and treatment of narcotic addicts, persons not fit subjects for confinement or treatment, see > Welfare and Institutions Code § 3053.
Concurrent and consecutive terms when convicted of multiple offenses, see > Penal Code § 669.
Duty of courts to impose punishment, see > Penal Code § 12.
Felonies committed prior to July 1, 1977, determination of term of imprisonment, parole, release, hearing, see > Penal Code § 1170.2.
Limitation on court's authority to punish, see > Penal Code § 13.
Maximum term of commitment; facilities for temporary detention, see > Penal Code § 1026.5.
Mentally ill, mentally deficient, or insane prisoners, transfer to state hospital, see > Penal Code § 2684.
Parole conditions, return to county other than that from which convicted, see > Penal Code § 3003.

------------ Excerpt from page 86753 follows ------------
Probation procedure, see > Penal Code § 1203.
Public social services, services for children, family reunification, see > Welfare and Institutions Code § 16507.
Release of persons convicted of violent felonies, notification of certain local law enforcement officials, see > Penal Code § 3058.6.
Sentence consecutive to indeterminate term or to term in other jurisdiction, rules for criminal cases in the Superior Court, see > California Rules of Court, Rule 4.451.
Sentence to include period of parole unless waived, see > Penal Code § 3000.
Time within which judgment shall be pronounced, see > Penal Code § 1191.
Two or more felony convictions, enhancement by one of three terms, determination of enhancement, see > Penal Code § 1170.1.

CODE OF REGULATIONS REFERENCES

Director of corrections,
Computation of time and pre-prison credit, see > 15 Cal. Code of Regs. § 3371.1.
Releases, see > 15 Cal. Code of Regs. § 3075.2.
Parole release procedure, see > 15 Cal. Code of Regs. § 3500 et seq.

LAW REVIEW AND JOURNAL COMMENTARIES

Anti-prostitution zones: Justifications for abolition, 91 J. Crim.L. & Criminology 1101 (2001).

California adult authority-administrative sentencing and the parole decision: Legal problems of administrative practice. 5 U.C.Davis L.Rev. 360 (1972).

California's "Three Strikes" debacle. 25 Sw.U.L.Rev. 129 (1995).

Comment on the indeterminate sentence law. 7 Cal.L.Rev. 132 (1919).

Comparative sentencing techniques. B. J. George, 45 A.B.A.J. 250 (1959).

Computing a determinate sentence: New math hits the courts. 51 Cal.S.B.J. 604 (1976).

Criminal law: The growth and complexity of the law of punishment. Norman L. Epstein, 25 L.A.Law. 36 (2002).

------------ Excerpt from page 86754 follows ------------
Decriminalization of convicted: Plea for representation. Rodney R. Jones, 13 San Diego L.Rev. 804 (1976).

Determinate sentencing in California. April Kestell Cassou and Brian Taugher, 9 Pac.L.J. 5 (1978).

The Dillon dilemma: Finding proportionate felony-murder punishments. Tamu Sudduth, 72 Cal.L.Rev. 1299 (1984).

Disparate treatment of spouse murder defendants. Wendy Keller, 6 S.Cal.Rev.L. & Women's Stud. 225 (1996)

Due process in post-conviction sentencing and parole. (1969) 20 Hastings L.J. 1016 (1969).

Duty of Adult Authority to fix primary term of sentence under the Indeterminate Sentence Law. 3 W.St.U.L.Rev. 304 (1976).

Eighth Amendment rediscovered. Stanley Mosk, 1 Loy.L.Rev. 4 (1968).

The epidemic of injustice in rape law. Izabelle Barraquiel Reyes, 12 UCLA Women's L.J. 355 (2003).

Getting to the roots of judges' opposition to drug treatment initiatives. Alex Ricciardulli, 25 Whittier L.Rev. 309 (2003).

Harsher sentence or retrial following erroneous modification of jury verdict. 62 Cal.L.Rev. 552 (1974).

Indeterminate sentencing: An analysis of sentencing in America. 70 S.Cal.L.Rev. 1717 (1997).

Judicial control of indeterminate sentencing. 6 Golden Gate U.L.Rev. 921 (1976).

Juvenile court dispositional alternatives: Imposing a defense duty. John L. Roche, 27 Santa Clara L.Rev. 279 (1987).

Modifying the indeterminate sentence. 64 Cal.L.Rev. 405 (1976).

Morrissey Maelstrom: Recent development in California parole and probation revocations. April Kestell Cassou, 9 U.S.F.L.Rev. 43 (1974).

Myth of shortened sentences: Effect of determinate sentencing. 14 San Diego L.Rev. 1176 (1977).

New look at punishments. Caroline K. Simon, 62 A.B.A.J. 1297 (1976).

------------ Excerpt from page 86755 follows ------------

Parolees no longer walk following serious felonies. Michael J. Daponde, 29 McGeorge L.Rev. 552 (1998).

Plea bargaining's triumph. George Fisher, 109 Yale L.J. 857 (2000).

The politics of prison crowding. Jeff Bleich, 77 Cal. L. Rev. 1125 (1989).

Potential adequacy of California Uniform Determinate Sentence Law. 10 Sw.U.L.Rev. 153 (1978).

A primer on the civil trial of a sexually violent predator. Judge Joan Comparet-Cassani, 37 San Diego L.Rev. 1057 (Fall 2000).

Prison reform. Anthony Murray, Gordon Ringer and Arthur L. Alarcon, 50 Cal.St.B.J. 356 (1975).

Procedural due process at judicial sentencing for felony. 81 Harv. L. Rev. 821 (1968).

Prohibiting cruel or unusual punishment: Proportionate sentencing. 10 U.S.F.L.Rev. 524 (1976).

Prosecutor's role in sentencing: Advocate or informant? 20 UCLA L.Rev. 1379 (1973).

Quo vadis, prospective overruling: a question of judicial responsibility. Roger J. Traynor, 28 Hastings L.J. 533 (1977).

Section 645 of the California Penal Code: California's "Chemical Castration" Law-A panacea or cruel and unusual punishment? 32 U.S.F.L.Rev. 653 (1998).

Senate Bill 42 end of indeterminate sentence. 17 Santa Clara L.Rev. 133 (1977).

Sentencing of criminals in California. 13 Stan.L.Rev. 340 (1961).

Sentencing under the proposed California criminal code. 19 UCLA L.Rev. 526 (1972).

Sexually (Mentally) dangerous persons. 23 Mental & Physical Disability L.Rep. 427 (1999).

Strike one, ready for more? 36 Cal.W.L.Rev. 545 (2000).

The uncertain future of sentencing guidelines. Richard S. Frase, 12 Law & Ineq. 1 (1993).

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED
JUN 25 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Martin Edward Walters**

**DEFENDANTS**

**United States of America**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Solano
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Martin Edward Walters**
**PO Box 4000**
**Vacaville, CA 95696**
**15496-198**

**ATTORNEYS (IF KNOWN)**

**U.S. Attorney**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
**(For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28 U.S.C. 2255**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☒ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc.
- ☐ Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 6/25/2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~

R. Mullen