KAREN P. HEWITT
United States Attorney
EDWARD C. WEINER
Assistant U.S. Attorney
California State Bar No. 48843
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7125/Fax: (619) 557-3445
Email: edward.weiner@usdoj.gov

Attorneys for Plaintiff-Respondent
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>MARTIN EDWARD WALTERS,<br><br>Defendant-Petitioner. | Criminal Case No. 88cr0769-DMS<br>Civil Case No. 08cv0924-DMS<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO MOTION PURSUANT TO 28 U.S.C.§ 2255 |

COMES NOW the Plaintiff-Respondent, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Edward C. Weiner, Assistant U.S. Attorney, and in compliance with this Court's order of May 29, 2008, hereby files the Government's Response and Opposition to Defendant-Petitioner Martin Edward Walters' Motion Pursuant to Title 28, United States Code, Section 2255. It is noted that Walters has a long history of litigation since charges were brought against him in 1988 and he pled guilty to drug and firearms charges in federal court and first degree murder in state court on May 9, 1990. Since this latest attempt violates the gatekeeping statute of limitations for Habeas Corpus matters, it should be dismissed with prejudice.

# I

## SHORT HISTORY

### A. FEDERAL CASE

Martin Edward Walters was charged with others in Criminal Case No. 88cr0769 in the Southern District of California after being arrested on October 21, 1988. On May 9, 1990 he pled guilty to conspiracy to manufacture methamphetamine, possession of an unregistered firearm, and using and carrying a firearm during the commission of a drug trafficking offense. He was sentenced on January 17, 1992 to a total of 272 months in custody to run concurrently to the 25 years to life sentence on the state first degree murder charge which occurred on January 10, 1991.

Before and during the sentencing hearing, Walters was advised that at the time of his plea a mistake was made in advising him of the maximum possible sentence which could be imposed on the methamphetamine charge and he was given the opportunity to withdraw his guilty plea but declined to do so. See Exhibit 1, Decision of U.S. Ninth Circuit Court of Appeals. He was then sentenced to 272 months imprisonment on the three counts. All parties knew that Walters had already been sentenced in San Diego Superior Court for first degree murder to 25 years to life. United States District Court Judge Earl B. Gilliam noted on the Judgment and Commitment form that the period of incarceration imposed in the federal case be served in a state institution to be designated by the State of California. See Exhibit 2, Federal Judgment. During sentencing, counsel for Walters noted that the parties' intentions were that Walters serve all of his time in state prison. See Exhibit 3, Excerpt from Sentencing Hearing (page 11, lines 19-22). This seems to conflict with the

Superior Court Abstract of Judgment which noted “Defendant to be held in Federal Facility.” See Exhibit 4, Abstract of Judgment. However, Walters was sentenced in state court on January 10, 1991 and then was brought to federal court for sentencing one week later (January 17, 1991). Thereafter, he officially commenced both the federal sentence and the longer state sentence concurrently in state prison. An appeal was filed in the Ninth Circuit Court of Appeals and Walters’ federal convictions were affirmed in an unpublished opinion on December 9, 1992, United States v. Walters, 980 F.2d 740 (9th Cir. 1992), 1992 WL 363654. Exhibit 1.

After pursuing state remedies and also having a state parole hearing in February 2005, Walters launched a number of federal “Habeas” actions. In Case No. 07cv1140-H(POR) he filed an action under 28 U.S.C. § 2254. District Court Judge Marilyn L. Huff denied relief and dismissed the petition on July 9, 2007. See Exhibit 5, Order of United States District Court Judge Marilyn L. Huff. In Case No. 07cv2236-JLS(LSP) Walters’ “Habeas” petition under 28 U.S.C. § 2241 was denied by District Court Judge Janis L. Sammartino on November 30, 2007 and a motion for reconsideration was denied on January 2, 2008. See Exhibit 6, Orders of United States District Court Judge Janis L. Sammartino.

In Case No. 08cv167-DMS(NLS) a “Habeas” petition was filed under 28 U.S.C. § 2254. A response and a motion to dismiss that petition because it was not filed within the applicable statute of limitations period apparently is still pending before District Court Judge Dana M. Sabraw. The Government’s response was filed by the California Attorney General’s Office noting that Walters violated the one-year

gatekeeping period set forth in the Anti-Terrorism and Effective Death Penalty Act.

On April 18, 2008, Walters filed the instant petition in Case No. 08cv0924-DMS under the "Habeas" provisions of 28 U.S.C. § 2255. On May 29, 2008, District Court Judge Dana M. Sabraw ordered the Government to show cause why Walters' most recent motion should not be granted.

B. STATE CASE

On February 9, 1990, the District Attorney of San Diego County, California charged Martin Edward Walters and others with several serious offenses and on May 9, 1990, he pled guilty to first degree murder. See Exhibit 7, Guilty Plea to Murder in 1st Degree, Case No. 103749. On January 10, 1991, Walters moved to withdraw his guilty plea which was denied and he was sentenced to state prison for an indeterminate term of 25 years to life. The agreement noted "no opposition to serving sentence in federal custody" and to run the state sentence concurrently. Exhibit 7. Since the California indeterminate sentence for first degree murder was expected to be longer than the 272 month federal sentence (22½ years) Walters has been serving the concurrent sentences in state prison.

Walters filed a direct appeal to the California Court of Appeal for the Fourth Appellate District on March 8, 1991 which was affirmed (except for a slight modification of restitution) on May 21, 1992 and Walters' petition to the California Supreme Court for review was denied on August 12, 1992. See Exhibit 8, Docket Summary of Case 103749. For about 12 years Walters did not file any collateral actions.

On January 7, 2005 (apparently after the San Diego Superior Court denied the state Habeas petition on December 2, 2004), Walters filed an appeal for a Writ of Habeas Corpus in the California Court of Appeal for the Fourth Appellate District in Case No. D045658 which was denied on February 15, 2005. Exhibit 8. Meanwhile, on February 24, 2005, Walters had his first hearing before the California Parole Board which denied parole and set his next state parole hearing for February 2010. See Exhibit 9, California State Parole Board Denial.

On April 27, 2006, Walters filed his second Habeas petition in San Diego Superior Court which was denied and which subsequently was also denied by the California Court of Appeal for the Fourth Appellate District in Case No. D050312 on May 24, 2007. On August 15, 2007, the California Supreme Court denied review.

C. <u>RELIEF SOUGHT BY WALTERS</u>

Having failed to withdraw his guilty pleas in both the federal case and the state case in direct appeals and in Habeas challenges, Walters apparently believes that there was a broken promise to serve his time in federal custody rather than in a state prison. According to the Bureau of Prison's Inmate Profile, Walters' projected release date from federal custody is October 16, 2010. See Exhibit 10, Excerpt of Inmate Profile. His state indeterminate sentence of 25 years to life will trigger another parole hearing at the state prison facility in February 2010. Parole hearings are usually held in the state prison where an inmate is incarcerated, in Walters' instance, at Solano State Prison in Vacaville, California.

Apparently Walters seeks to be transferred into federal custody because he believes that he could have a "multijurisdiction" parole hearing even though federal offenses in which the Sentencing

Guidelines apply do not have a parole possibility since parole was abolished in the federal system under the Sentencing Reform Act of 1984.

It appears from some of Walters' filings that in addition to desiring federal custody, Walters believes that his guilty plea to the first degree murder charge in state court should be vacated because the California sentencing provisions are unconstitutionally vague and violate the due process guarantees in the United States Constitution.

The place of incarceration (federal or state) is generally left up to prison officials. The United States Bureau of Prisons often contracts with local or private facilities. Even though the Abstract of Judgment for the sentencing in San Diego Superior Court noted "Defendant to be held in federal facility" (Exhibit 4), that "recommendation" is not binding. After sentencing in federal court, the Judgment and Commitment order stated that "The period of incarceration imposed be served in a state institution to be designated by the state of California." (Exhibit 2.) Under the Supremacy Clause, the "recommendation" of a United States District Court Judge for state custody might be given greater deference. In any event, Walters attorney stated that the "parties' intentions are that he serve his time state side and not go back and forth for an additional six months, or one-year on the federal side. . ." (Exhibit 3, Excerpt from Sentencing Hearing on January 17, 1991, page 11, lines 19-22.)

//

//

//

//

II

MEMORANDUM OF POINTS AND AUTHORITIES

A. THE 1-YEAR STATUTE OF LIMITATIONS BARS THIS PETITION AND THERE IS NO APPLICABLE EXCEPTION

Title 28, United States Code, Section 2255(f) bars the instant action. As part of the Anti-Terrorism and Effective Death Penalty Act (effective on April 24, 1996), Walters had until April 24, 1997 to file his petition. The gatekeeping statute states:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

We submit that Walters has violated these gatekeeping provisions as the Ninth Circuit review of the federal case was concluded on December 9, 1992 and the California Supreme Court review of the state case was completed on August 12, 1992. Following these direct appeals, Walters waited many years to pursue numerous post-conviction petitions.

//

//

Many courts have already ruled on Walters' allegation - that his state confinement violates the Constitution and laws of the United States. Although the state sentence for first degree murder of 25 years to life is a lengthy term, state authorities allow Walters to have a parole hearing in state prison. Walters' argument for federal custody for the state murder charge concurrent to his convictions for the federal methamphetamine and firearms violations does not rise to the level of a fundamental due process violation that has resulted in a miscarriage of justice.

It might be noted that shifting Walters back and forth between state and federal custody might in the end violate the Interstate Agreement on Detainers Act or constitute a procedural defect. Even so, that would not constitute a cognizable error. See <u>Knox v. Wyoming Department of Corrections</u>, 34 F.3d 964, 967 (10th Cir. 1994).

In <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984), the federal court denied Habeas relief to the petitioner who asserted that a state's refusal to conduct a "proportionality review" of his death sentence amounted to a constitutional violation.

In <u>Estelle v. McGuire</u>, 502 F.2d 62, 67-68 (1991), the Supreme Court noted that "It is not the province of a federal Habeas court to reexamine state court determinations on state law questions." See <u>Lupien v. Clarke</u>, 402 F.3d 615, 619-620 (8th Cir. 2005), where a claim that a sentence violated state law was held not cognizable because no constitutional violation occurred. Likewise in <u>Gratzer v. Mahoney</u>, 397 F.3d 686, 692 (9th Cir. 2005) petitioner claimed that jury instructions violated state law and the court held that the matter was not cognizable in the federal Habeas action because there

was no constitutional violation. A contrary result regarding jury instructions was reached in Martinez v. Garcia, 379 F.3d 1034, 1041 (9th Cir. 2004) because the jury instruction error was held to be a violation of due process.

The test should be whether any improprieties in the state proceedings (if at all) created fundamental unfairness that violated Walters' Fourteenth Amendment right to due process. See Brecht v. Abrahamson, 507 U.S. 619 (1993), where the Supreme Court held that the applicable standard is "harmless error" in Habeas proceedings. See Brecht v. Abrahamson at 629-630. If there was a defect in a plea or trial which had a substantial and injurious effect on the outcome, there might be some ground for relief. However, Walters has never been able in any of his federal or state appeals and collateral attacks to show any Governmental action preventing Walters making timely Habeas motions.

In Teague v. Lane, 489 U.S. 288, 308 (1989), the Supreme Court made clear that the purpose of Habeas review is to ensure that proceedings are consistent with the law in existence at the time "and not to provide a mechanism for the continuing reexamination of final judgments based upon later emerging legal doctrine." See also Butler v. McKellar, 494 U.S. 407, 415 (1990). Walters' judgments were final in 1992; there was no "new rule" that breaks new ground ("watershed" rules of criminal procedure) that was not previously asserted by Walters. See Teague v. Lane at 301. Walters has been granted a state parole hearing in February 2005 and, although parole was denied by the State Parole Board, another hearing was set for February 2010. On the federal side, the methamphetamine and firearms

charges are not subject to parole since federal parole was abolished when the Sentencing Guidelines took effect.

In any event, the actions that both the state and federal Government have followed with regard to Walters' incarceration in the state prison facility are not substantive but are procedural. Schriro v. Summerlin, 542 U.S. 348, 351-353 (2004).

If timely filed, a Habeas petition under 28 U.S.C. § 2255 may request relief for a federal prisoner (even though Walters is in state custody he is serving a federal sentence) who challenges the fact or length of his detention if it was imposed in violation of the Constitution or laws of the United States, that the Court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.

All of Walters' previous Habeas filings were labeled under sections other than 28 U.S.C. § 2255. Because the issues that could have been presented in a timely motion were already decided by the Ninth Circuit Court of Appeals on direct appeal, it is too late to challenge them now 16 years after the rendering of the decision on direct appeal. There was no constitutionally significant error and the 1-year statute of limitations bars this petition.

B. THIS PETITION ALSO CONSTITUTES A SECOND OR SUCCESSIVE MOTION AND IS BARRED BY FAILURE TO OBTAIN A CERTIFICATE OF APPEALABILITY

With Walters' filing of two 28 U.S.C. § 2254 writs in Case Nos. 07cv1140-H(POR) and 08cv167-DMS(NLS), and another writ styled as a 28 U.S.C. § 2241 Habeas Corpus writ in Case No. 07cv2236-JLS(LSP) in addition to the instant petition, the Government contends that the

Court should interpret this filing as a second or successive motion. Title 28, United States Code, Section 2255(h) states:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

However, under 28 U.S.C. § 2244(b)(1), a claim presented in a prior Habeas Corpus application shall be dismissed except as provided in Section 2255. But in the instant matter Walters has not attempted to obtain a certificate of appealability from the prior denials of his “differently titled” Habeas matters in this Court. He could file such a second or successive motion with such a certificate if that motion makes a prima facie showing that the application satisfies the requirements listed in 28 U.S.C. § 2244(b)(2) such as a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court or factual predicates which could not have been discovered previously through the exercise of due diligence or that under the facts no reasonable fact finder could have found the petitioner guilty. See Cooper v. Calderon, 274 F.3d 1270, 1275 (9th Cir. 2001). A petitioner’s failure to obtain permission from the Court of Appeals deprives the District Court of jurisdiction to consider a successive Habeas action. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

In determining that the instant § 2255 motion is "second" or "successive," Walters' claim should be determined to be the same as his previous petitions. See United States v. Allen at 664 quoting United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997). Walters' previous petitions focused on a perceived violation of his rights because he was not serving his time in federal custody. Here, Walters states that he was under the impression that the state of California would honor its promises, representations and obligations - that is concurrent time and serving his sentence in federal custody. Walters refers in the instant motion to his previous Section 2254 Habeas in Case No. 08cv167-DMS(NLS) for details. Our search has disclosed that the court has not issued a memorandum opinion in that case.

The gatekeeping rules require that this Court transfer the matter to the Ninth Circuit Court of Appeals to determine whether a certificate of appealability should be granted for review on the merits. Because Walters' convictions rely on guilty pleas, a basic rule is that a voluntary and intelligent plea of guilty made by an accused who has been advised by competent counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984).

If any Court were to consider the merits, any claim must confront the holding of the Supreme Court in United States v. Addonizio, 442 U.S. 178, 184 (1979), that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on the final judgment. For example, Walters may not be permitted to challenge the terms of the plea agreement. See United States v. Pollard, 959 F.2d 1011, 1028 (D.C. Cir.), cert. denied, 506 U.S. 915 (1992).

It is submitted that even though Walters has titled the instant matter a Section 2255 motion, the subject matter of his petition (and not the label he placed on it), determines the governing law. Tyler v. United States, 929 F.2d 451, 453 n.5 (9th Cir. 1991). See also Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) ("functional equivalent" standard as rule of thumb for dealing with creativity of pro se prisoners). Without any new development of constitutional law, factual predicates, or error underlying guilt, Walters is barred from coming to come to this Court for any relief unless he obtains a certificate of appealability from the Ninth Circuit Court of Appeals.

C. THERE IS NO NEED FOR AN EVIDENTIARY HEARING

This Court has all the information it needs without the necessity of an evidentiary hearing. It appears that there are no factual disputes. A district court may not deny a motion under 28 U.S.C. § 2255 without a hearing unless the files and records in the case conclusively show that the prisoner is entitled to no relief. Marror v. United States, 772 F.2d 525 (9th Cir. 1985). There are no facts in dispute that are necessary for this Court to resolve even if Walters was not barred by the gatekeeping requirements of the statutory scheme.

Even in cases of allegations of ineffective assistance of counsel (as contended by Walters in his 1992 appeal to the Ninth Circuit Court of Appeals) there is usually no need for an evidentiary hearing. United States v. Grewal, 825 F.2d 225 (9th Cir. 1987).

//

//

//

III

CONCLUSION

For the foregoing reasons, Defendant-Petitioner Martin Edward Walters' motion pursuant to 28 U.S.C. § 2255 should be dismissed with prejudice.

DATED: June 26, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Edward C. Weiner

EDWARD C. WEINER
Assistant United States Attorney
Attorneys for Plaintiff-Respondent
United States of America
Email: edward.weiner@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Respondent,<br>v.<br>MARTIN EDWARD WALTERS,<br>Defendant-Petitioner. | Criminal Case No. 88cr0769-DMS<br>Civil Case No. 08cv0924-DMS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Edward C. Weiner, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Motion Pursuant to 28 U.S.C. § 2255 on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

NONE.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

Martin Edward Walters
Register No. E-86183
California State Prison, Solano
Building #6, Cell 206
P.O. Box 4000
Vacaville, California 95696

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2008

s/Edward C. Weiner
EDWARD C. WEINER

# EXHIBIT 1

Decision of U.S. Ninth Circuit Court of Appeals (Unpublished) Affirming Conviction of Martin Edward Walters in Criminal Case No. 88cr0769 (Court of Appeals No. 91-50244) December 9, 1992

U.S. v. Walters
C.A.9 (Cal.),1992.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Edward WALTERS, aka Oscar, Defendant-Appellant.
**No. 91-50244.**

Submitted Oct. 26, 1992.[FN*]
Decided Dec. 9, 1992.

Appeal from the United States District Court for the Southern District of California, No. CR-88-0769-G; Earl B. Gilliam, District Judge, Presiding.
S.D.Cal.

AFFIRMED.

Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.

MEMORANDUM [FN**]

***1** Martin Edward Walters appeals from his convictions, following a guilty plea, for conspiracy to manufacture with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, aiding and abetting the possession of an unregistered firearm in violation of 18 U.S.C. § 2 and 26 U.S.C. §§ 5861(d) and 5871, and aiding and abetting the use and carrying of a firearm during a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c)(1). Walters contends that his guilty plea was involuntary and that he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Walters raises for the first time on appeal the issue of the voluntariness of his guilty plea. Although as a general rule we do not consider issues raised for the first time on appeal, Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985), we may review newly raised issues when necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process. *Id.* In order to determine whether there has been a miscarriage of justice, we must examine the substance of Walters' claim. We review the voluntariness of a guilty plea by looking at the totality of the circumstances. Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986). Viewing the totality of the circumstances in Walters' claim, we find that no miscarriage of justice will result by allowing his guilty plea to stand because we find that the plea was, in fact, voluntary.

The gravamen of Walters' involuntariness claim is that the district court and his counsel misrepresented the maximum possible penalty on one of the counts. The record shows that at the sentencing hearing the district court erroneously informed Walters that the possible maximum sentence for the count of conspiracy to manufacture with intent to distribute methamphetamine was imprisonment without possibility of parole. Walters argues that he would not have decided to enter into the plea agreement if he had known that the possible consequences of proceeding to trial were less severe.

We find, however, that Walters was not actually harmed by the misrepresentation at his sentencing hearing. The mistake was discovered and brought to Walters' attention at least one month before sentence was actually imposed. Before entry of the sentence, Walters' counsel informed the district court that he had explained the misrepresentation of the possible maximum sentence to Walters. In response to questioning from the court, Walters indicated that he was aware of the error, understood the correct possible sentence and, nevertheless, would still plead guilty. Walters has made no showing that his decision to reaffirm his guilty plea at sentencing was affected by the earlier misrepresentation. We find that Walters' guilty plea was voluntary and *a fortiori* will not result in a miscarriage of justice.

Walters contends that an atmosphere of coercion existed that negated the voluntariness of his guilty plea. In addition to the misrepresentation of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

maximum possible sentence, he cites being in solitary confinement, being represented by multiple attorneys, and being subject to undue time pressures regarding state and federal trial dates as circumstances contributing to coercion. Walters has not demonstrated how these factors negated the voluntariness of his guilty plea. A bare allegation of coercion, unsupported in the record, is not sufficient to set aside a guilty plea. *United States v. Sutton*, 794 F.2d 1415, 1422 (9th Cir.1986).

***2** Walters also argues that his counsel's failure to advise him properly about the maximum sentence constitutes ineffective assistance of counsel. Claims of ineffective assistance of counsel, while ordinarily more properly brought in habeas corpus proceedings, may be reviewed on direct appeal if the record is sufficiently developed to permit review and determination of the issue. *United States v. Robinson,* No. 90-10433, slip op. 6667, 6673(9th Cir. June 15, 1992). In order to prevail on an ineffective assistance claim, Walters must show that his counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington,* 466 U.S. 665, 687 (1984); *see also* *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (applying *Strickland* to challenge to guilty plea based on ineffectiveness of counsel).

Walters has failed to demonstrate how he was prejudiced by his attorney's initial failure to apprise him of the correct sentence. Even after Walters' attorney informed him of the correct maximum sentence and Walters was given an opportunity by the court to withdraw his guilty plea, he declined to do so. Because we find that Walters' guilty plea was voluntary, the record is sufficiently developed for us to determine that Walters was not prejudiced by any ineffective assistance of counsel. The judgment of the district court is AFFIRMED.

FN* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4.

FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.

C.A.9 (Cal.),1992.

U.S. v. Walters
980 F.2d 740, 1992 WL 363654 (C.A.9 (Cal.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 2

Federal Judgment Including Sentence Under The Sentencing Reform Act - Case No. 88cr0769-G
January 17, 1991

JUDGMENT INCLUDING SENTENCE UNDER THE SENTENCING REFORM ACT

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

FILED
XX ENTERED
LODGED
RECEIVED

JAN 17 1991

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES OF AMERICA

v.

MARTIN EDWARD WALTERS (1)

JUDGMENT INCLUDING SENTENCE UNDER THE SENTENCING REFORM ACT

CASE NO. 88-0769-G-Criminal

JAMES POKORNY
ATTORNEY FOR DEFENDANT

THE DEFENDANT:

XX pleaded guilty to count(s) ONE (1), TEN (10) and THIRTEEN (13),

____ was found guilty on count(s) ____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses;

| Title & Section | Nature of Offense | Count Number (s) |
|---|---|---|
| 21 USC 841(a)(1) & 846 | CONSP. TO MANUFACTURE METHAMPHETAMINE AND POSSESS METHAMPHETAMINE W/INT TO DISTR. | ONE (1) |
| 18 USC 2 & 26 USC 5861(d) and 5871 | AIDING AND ABETTING THE POSSESSION OF AN UNREGISTERED FIREARM | TEN(10) |
| 18 USC 2 & 924(c)(1) | AIDING AND ABETTING THE USE AND CARRYING OF A FIREARM DURING THE COMMISSION OF A DRUG TRAFFICKING CRIME | THIRTEEN(13) |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____ The defendant has been found not guilty on count(s) ____,

XX Count(s) OF S/S INDICTMENT REMAINING ~~is~~ (are) dismissed on the motion of the United States.

XXX The underlying indictment is dismissed on motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of his/her residence or mailing address until all fines, restitution(s), and costs imposed by this judgment are fully paid.

Defendant's Social Security Number: UNKNOWN

Defendant's Mailing Address: UNKNOWN

Defendant's Residence Address: UNKNOWN

172

Defendant: Martin Edward Walters (1)
Case Number: 88-0769-G-Criminal



IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons, to be imprisoned on the following counts as indicated:

ONE(1) OF S/S INDICTMENT - TWO HUNDRED AND TWELVE (212) MONTHS

TEN(10) OF S/S INDICTMENT- CONCURRENTLY WITH COUNT ONE(1) - TEN(10) YEARS

THIRTEEN(13) OF S/S INDICTMENT - SIXTY (60) MONTHS CONSECUTIVE TO COUNT ONE(1)

(NOTE: TOTAL PERIOD OF INCARCERATION TWO HUNDRED AND SEVENTY TWO(272) MONTHS.

XX The Court makes the following recommendations to the Bureau of Prisons:
THAT THE PERIOD OF INCARCERATION IMPOSED BE SERVED IN A STATE INSTITUTION TO BE DESIGNATED BY THE STATE OF CALIFORNIA.

XX The defendant is remanded to the custody of the United States Marshal.

____ The defendant shall surrender to the United States Marshal for this district

____ at ____________ on ________________.

____ as notified by the United States Marshal.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

____ before ________ p.m. on ________________.

____ as notified by the United States Marshal.

____ as notified by the U.S. Probation Department.

RETURN

I have executed this judgment as follows:

______________________________________________________________

______________________________________________________________

______________________________________________________________

Defendant delivered on ________________ to ________________
at ________________________, with a certified copy of this judgment.

________________________
UNITED STATES MARSHAL

By: ________________________

Defendant: Martin Edward Walters (1)
Case Number: 88-0769-G-Criminal

FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of: $ 150.00 consisting of a fine of $ 0 and a special assessment of $ 150.00.

_____ These amounts are the totals of the fines and assessments imposed on the individual counts as follows:

COUNT #1 of S/S Indictment - $50.00
COUNT #10 of S/S Indictment- $50.00
COUNT #13 of S/S Indictment- $50.00
TOTAL-$150.00

This sum shall be paid XXX immediately.
_____ as follows.

_____ The Court has determined that the defendant does not have the ability to pay interest. IT IS ORDERED THAT:

_____ The interest requirement is waived.

_____ The interest requirement is modified as follows:

Defendant: Martin Edward Walters (1)
Case Number: 88-0769-G-Criminal

SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release as follows:

COUNT #1 - THREE (3) YEARS.
COUNT #10- THREE (3) YEARS.
COUNT #13- THREE (3) YEARS.

COUNTS#1,10 & 13 ARE TO RUN CONCURRENTLY FOR A TOTAL SUPERVISED RELEASE PERIOD OF THREE (3) YEARS.

While on supervised release, the defendant shall not commit another Federal, State or local crime and shall comply with the standard conditions that have been adopted by this Court (Set forth following the additional conditions). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions.

XXX DEFENDANT SHALL NOT ENTER MEXICO WITHOUT WRITTEN PERMISSION OF THE COURT.

XX the defendant shall not own or possess firearms, explosive devices or dangerous weapons of any kind.

XX the defendant shall submit to searches and seizures of his person, his personal effects, his residence or place of abode, any vehicle in his possession, conducted in a reasonable manner and at a reasonable time and place as requested by a Probation Officer.

XX the defendant shall report all vehicles he owns, operates, or has an interest in to h Probation Officer.

____ the defendant shall seek and maintain a program of full-time employment full-time education or a full-time combination of both.

XX the defendant shall participate in a drug/alcohol abuse counseling and treatment program, including urinalysis testing as directed by his Probation Officer.

____ if deported, formal supervision of probation is waived and the defendant shall not enter the United States unless he/she does so legally, and the defendant shall report to the U.S. Probation Department within twenty-four hours of h entry.

XX the defendant shall make complete disclosure of his business and financial records to his Probation Officer as requested.

____ the defendant is prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without the approval of h Probation Officer.

____ as directed by h Probation Officer, the defendant shall notify third parties at risk that may be occasioned by a criminal record or personal history and permit h Probation Officer to make such notification and to confirm h compliance with such notification requirement.

STANDARD CONDITIONS OF SUPERVISON

1) the defendant shall not commit another Federal, State or local crime.
2) the defendant shall not leave the judicial district without the permission of the Court or Probation Department.
3) the defendant shall report to the Probation Officer as directed by the Court or Probation Department and shall submit a truthful and complete written report within the first five days of each month.

Defendant: Martin Edward Walters (1)
Case Number: 88-0769-G-Criminal

STANDARD CONDITIONS OF SUPERVISION(CONTINUED

4) The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.
5) The defendant shall support his or her dependants and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
8) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotics or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.
10) The defendant shall not associate with any persons engaged in any criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit his or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

THESE CONDITIONS ARE IN ADDITION TO ANY OTHER CONDITIONS IMPOSED BY THIS JUDGMENT.

JANUARY 17, 1991
Date of Imposition of Sentence

Earl B. Gilliam
Signature of Judicial Officer
EARL B. GILLIAM
UNITED STATES DISTRICT JUDGE
Name & Title of Judicial Officer

Date: JANUARY 17, 1991

WILLIAM W. LUDDY, Clerk
By: C. McDonald
C. McDonald, Deputy Clerk

I hereby attest and certify on ______
that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
WILLIAM W. LUDDY
CLERK U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By ______ Deputy

# EXHIBIT 3

Excerpt From Sentencing Hearing Before
U.S. District Court Judge Earl B. Gilliam
January 17, 1991 (Criminal Case No. 88cr0769)

THE COURT: MR. WALTERS, I HAVE IN MY HAND THE PRE-SENTENCE REPORT IN THIS MATTER. HAVE YOU HAD A CHANCE TO GO OVER IT WITH YOUR LAWYER, MR. PORKORNY?

THE DEFENDANT: YES, I HAVE, YOUR HONOR.

THE COURT: IS THERE ANYTHING ABOUT THE REPORT YOU WOULD LIKE TO TALK TO MR. POKORNY ABOUT BEFORE WE GO ANY FURTHER THIS MORNING?

THE DEFENDANT: YES.

THE COURT: OKAY. YOU MAY TALK WITH HIM NOW.

(COUNSEL AND DEFENDANT CONFER.)

MR. POKORNY: WE ARE READY TO PROCEED, YOUR HONOR.

THE COURT: ANYTHING ELSE YOU WANT TO TALK TO HIM ABOUT, MR. WALTERS?

THE DEFENDANT: NO.

THE COURT: THE COURT HAS READ AND CONSIDERED THE OBJECTIONS, AND ALSO HAS SOME WRITTEN THINGS HERE, THE ATTACHMENT THERETO. THE COURT HAS READ AND CONSIDERED ALL OF THAT FOR PURPOSES OF SENTENCING.

MR. POKORNY, DO YOU HAVE ANYTHING YOU WOULD LIKE TO SAY ABOUT SENTENCING BEFORE WE SENTENCE THE DEFENDANT?

MR. POKORNY: YES, YOUR HONOR. IT WILL BE BRIEF IN VIEW OF THE FACT THAT THE COURT HAS EXPRESSED IT'S INCLI-NATION TO FOLLOW THE PLEA AGREEMENT.

JUST BY WAY OF A QUICK REVIEW. IN STATE COURT 25 TO LIFE ACTUALLY MEANS, ACCORDING TO MR. MILLER, WHO'S

OUR EXPERT FROM STATE COURT, THAT THIS MAN WILL BE ELIGIBLE FOR PAROLE IN ABOUT 17 AND TWO-THIRD YEARS, WHICH I GUESS IS 17 YEARS AND EIGHT MONTHS. AS A PRACTICAL MATTER, HE WILL COME UP FOR PAROLE TO THE PAROLE HEARING IN ABOUT 18 YEARS.

I UNDERSTAND THAT THE LIKELIHOOD OF HIM BEING PAROLED AT THAT TIME IS SLIM TO NONE. HOWEVER, IT EXISTS.

THE PAROLE BOARD WILL THEN SET, IF IT DENIES HIS APPLICATION FOR PAROLE, ANOTHER PAROLE HEARING, EITHER ONE, TWO OR THREE YEARS DOWN THE ROAD FROM THAT DATE.

WE AGREE THAT HIS PROBABLE RELEASE DATE IS GOING TO BE 20 TO 21 YEARS, IT LOOKS LIKE, STATE SIDE. THAT'S THE ACTUAL TIME THAT HE'LL DO.

AS I INDICATED, THE JUDGMENT IS GOING TO BE ENTERED SUBSEQUENT TO TODAY'S DATE.

MY SUGGESTION TO THE COURT -- THIS IS FAIRLY STRAIGHTFORWARD. WE HAVE NO REAL BEEF WITH THE PRE-SENTEN( REPORT. WE FILED OUR OBJECTIONS, AND THEY'RE A MATTER OF RECORD AT THIS POINT. IT APPEARS TO BE FAIRLY ACCURATE OTHER THAN THE POINTS WE RAISED, WHICH WERE REALLY CON-CLUSIONARY POINTS IN THE COMPUTATION OF THE GUIDELINES SCORE BY THE PROBATION OFFICER.

WE ARE SUGGESTING THAT THE COURT GO BY LEVEL 36, CRIMINAL HISTORY CATEGORY OF ONE, WHICH FACTUALLY IS THE CASE. I THINK HE HAD ONE -- HE WAS -- SINCE HE WAS

A MINOR. THE TRUE FINDING, I THINK IT'S BURGLARY. LITERALLY NOTHING AS AN ADULT, AND, SPECIFICALLY, NOTHING AS HE STANDS HERE NOW BECAUSE IN FACT THERE'S, IN FACT, THERE'S NO JUDGMENT ENTERED ACROSS THE STREET ON BROADWAY.

SO WE'VE GOT A C.H.C. OF ONE. THAT'S 188 TO 235. THE COURT IS AWARE THAT IT HAS TO IMPOSE FIVE YEARS, WHICH IS 60 MONTHS FOR THE 924. THAT'S WHY WE CONTEMPLATED THAT RATHER THAN TWO POINT UPWARD ADJUSTMENT FOR THE GUN.

YOUR HONOR, TAKING 188 -- HOPEFULLY MY ADDITION IS CORRECT -- ADDING 60 MONTHS FOR THE 924, I GET 248 MONTHS. DEDUCTING 15 PERCENT UNDER THE STATUTORY SCHEME, THAT'S 37 MONTHS. TAKING 248, SUBTRACTING 237, I GET 211. 211 LITERALLY COMES OUT TO 17.6 YEARS.

I'M GOING TO SUGGEST TO YOUR HONOR THAT YOUR HONOR IMPOSE THE SENTENCE OF 188, PLUS 60, AND HERE'S WHY. IF HE'S ELIGIBLE FOR PAROLE, AS MR. MILLER SUGGESTS, IN 17 AND TWO-THIRD YEARS -- THAT'S 17.66 YEARS STATE SIDE -- IT'S POSSIBLE HE'S GOING TO BE RELEASED THEN. ADMITTEDLY, IT'S NOT LIKELY, BUT IT'S POSSIBLE. SINCE ALL THE PARTIES' INTENTIONS ARE THAT HE SERVE HIS TIME STATE SIDE AND NOT GO BACK AND FORTH FOR AN ADDITIONAL SIX MONTHS, OR ONE YEAR ON THE FEDERAL SIDE, IF THE COURT WOULD CONSIDER IMPOSING THE LOW END OF THE GUIDELINES THAT WE HAVE AGREED UPON OF 188, WITH THIS 15 PERCENT THIS TIME WILL RUN, EXPIRE RIGHT BEFORE, DAYS BEFORE HE'S ELIGIBLE FOR PAROLE. SO

IN THE EVENT THE PAROLE BOARD STATE SIDE IN ITS WISDOM DECIDES THAT HE SERVED ENOUGH ACTUAL TIME -- AND GRANTED THE OFFENSE ON STATE SIDE IS A LOT MORE SERIOUS THAN THIS OFFENSE IS -- THEN EVERYONE'S INTENTIONS WILL BE FULFILLED. HE WON'T HAVE TO GO BACK AND DO FEDERAL TIME. AND THAT'S ABOUT THE ONLY WAY THAT I CAN SEE THAT WE CAN GUARANTEE THAT THAT'S WHAT'S GOING TO HAPPEN.

NOW, I UNDERSTAND THAT MR. FERRARO IS GOING TO BE ASKING FOR MORE.

THE OTHER END OF THE SPECTRUM, YOUR HONOR -- IF YOU TAKE 235, WHICH IS THE UPPER END OF LEVEL 36, CRIMINAL HISTORY CATEGORY OF ONE, ADD 60 FOR 924, YOU GET 295. SUBTRACTING 15 PERCENT OF 295, WHICH IS 44, WE GET 251. 251 IS 20.9 YEARS. SO WE'VE GOT ABOUT THREE AND A THIRD YEARS SPREAD BETWEEN HIGH AND LOW. OBVIOUSLY, IT'S UP TO YOUR HONOR TO DECIDE.

I'M SUGGESTING THAT, BASED UPON EVERYTHING THE COURT IS AWARE OF, BASED UPON THE FACT THAT OBVIOUSLY A MURDER CASE IS FAR MORE SERIOUS THAN WHAT WE HAVE HERE. THE STATE COURT HAS DECIDED WHAT TO DO WITH A MAN BY STATUTE.

IN CONSIDERING THE ACTUAL AMOUNT OF TIME HE'S GOING TO DO, IT SEEMS TO ME IT MAKES SENSE TO IMPOSE THE LOWER END, BECAUSE THAT'S GOING TO BE IN KEEPING WITH OUR AGREEMENT. BASED ON THAT, YOUR HONOR, I WOULD SUBMIT IT.

# EXHIBIT 4

Excerpt of Abstract of Judgment
San Diego Superior Court Case 103749
January 10, 1991

THE DEFENDANT HAS HAD PRIOR FELONY CONVICTIONS AS FOLLOWS:

| DATE | COUNTY AND STATE | CRIME | DISPOSITION |
|---|---|---|---|
| NOT APPLICABLE | | | |

0347

It is therefore ordered, adjudged and decreed that the defendant be punished by imprisonment in the State Prison of the State of California for the term prescribed by law. It is ordered that the sentences shall be served in respect to one another as follows (CC or CS):

CONCURRENT

and in respect to any prior incomplete sentence(s) as follows (CC or CS):

CONCURRENT TO FEDERAL CASE 88-0769G. Defendant to be held in Federal Facility.

It is further ordered that the defendant be remanded to the Sheriff of the County of San Diego; and pursuant to the aforesaid judgment, this is to command you, the Sheriff, to deliver the defendant into the custody of the ~~Director of Corrections of the State of California at the California Institution for Women at Frontera, California at your earliest convenience.~~ Federal facility.

The Court ( DID NOT ) instruct the defendant of his right to appeal in accordance with Rule 250, California Rules of Court.
did / did not

JUDGE OF THE SUPERIOR COURT
JESUS RODRIGUEZ

I certify the foregoing to be a true and correct abstract of the Judgment made and entered on the Minutes of the Superior Court herein.

Dated: JANUARY 10, 1991

KENNETH E. MARTONE
CLERK OF THE SUPERIOR COURT

By________________________Deputy
SHARON TALBOTT

03r8

# EXHIBIT 5

Order of U.S. District Court Judge Marilyn L. Huff in Case No. 07cv1140 Denying Habeas Petition of Martin E. Walters
July 9, 2007

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN E. WALTERS, Petitioner, v. SAN DIEGO SUPERIOR COURT et al, Warden Respondent. | Civil No. 07cv1140 H (POR) **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254. See also Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner

made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). Petitioner fails to state any grounds for relief in the Petition. Instead, Petitioner simply alludes to a "an unfortunate anticipated. . .'breach of contract'/ of a plea agreement." (Pet. at 1.) Petitioner has attached what appear to be pages from the U.S. District Court, Southern District of California sentencing hearing (Pet. at 4), a copy of his Board of Prison Terms 2005 parole denial (*Id.* at 13), and his Superior Court of California, County of San Diego guilty plea (*Id.* at 14.)

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001). The Court finds that the Petition contains conclusory allegations without any grounds for relief. A federal court may not entertain a petition that contains allegations which are conclusory.

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its attachments. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." Cf. *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

Due to Petitioner's unsatisfactory showing, the Court **DISMISSES** the action without prejudice. Should Petitioner decide to file a new petition, he is advised to clearly and succinctly state all grounds for relief using the First Amended Petition form sent to Petitioner with this order.

//

//

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. Petitioner merely states in a footnote that "A habeas corpus state supreme court remains, unanswered, since 2005." (Pet. at 2.) If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Oyler v. Allenbrand, 23 F.3d 292, 300 (10th Cir. 1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

> such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies, and therefore the Court **DISMISSES** the petition without prejudice.

//

//

//

//

//

**CONCLUSION AND ORDER**

In light of the above, the Court **DISMISSES** the case without prejudice for (1) failure to either pay the $5 filing fee or move to proceed in forma pauperis; (2) failure to state grounds for relief in the petition; and (3) failure to allege exhaustion of state court remedies. If Petitioner wishes to proceed with this case, he must submit, **no later than September 4, 2007**, a First Amended Petition which cures the pleading defects noted in this Order, **AND** a copy of this Order, **AND** the $5.00 fee or adequate proof of his inability to pay the fee. **The Clerk of Court is directed to send a blank First Amended Petition and blank motion to proceed in forma pauperis to Petitioner.**

**IT IS SO ORDERED.**

**DATED: July 9, 2007**

Marilyn L. Huff

**MARILYN L. HUFF, District Judge**
**UNITED STATES DISTRICT COURT**

# EXHIBIT 6

Orders of U.S. District Court Judge Janis L. Sammartino in Case No. 07cv2236 Denying Habeas Petition of Martin Edward Walters
November 30, 2007 and January 2, 2008

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN EDWARD WALTERS, Petitioner, vs. DK SISTO, WARDEN, CSP SOLANO Respondent. | CASE NO. 07CV2236 **ORDER: (1) DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT; AND (3) DENYING MOTION TO APPOINT COUNSEL AS MOOT** |

Petitioner, a prisoner proceeding pro se, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], together with a motion for leave to proceed in forma pauperis [Doc. No. 2], and a motion to appoint counsel [Doc. No. 3.]

Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he is a state prisoner attacking the validity of a state court conviction and sentence imposed by the state of California. Therefore, Petitioner may not proceed under Section 2241, but may only proceed with a habeas action in federal court under 28 U.S.C. § 2254. White v. Lambert, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that Section 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment"). Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other

reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." [citations omitted.] Id. at 1006 (quoting Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original).

Therefore, this Court **DISMISSES** without prejudice the petition for habeas corpus, **DENIES** the motion for leave to proceed in forma pauperis as moot, and **DENIES** the motion to appoint counsel as moot.

IT IS SO ORDERED.

DATED: November 30, 2007

Janis L. Sammartino
Honorable Janis L. Sammartino
United States District Judge

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN E. WALTERS, Petitioner, v. D.K. SISTO, Warden, Respondent. | Civil No. 07-2236 JLS (LSP) **ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION** |

On November 26, 2007, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis and a motion for appointment of counsel. In his petition, Petitioner claimed: (1) his state and federal guilty pleas were obtained in violation of the United States Constitution and the state of California was violating the terms of his plea agreement; (2) California's indeterminate sentencing law is unconstitutional; (3) California has increased his punishment in violation of the Ex Post Facto Clause of the United States Constitution; and (4) California's parole system violates clearly established Supreme Court law. (*See* Pet. at 4-25.) On November 30, 2007, this Court dismissed the petition without prejudice because, with the exception of Petitioner's allegation that his federal guilty plea was obtained in violation of the federal Constitution, all of Petitioner's allegations attack the validity of his state conviction or sentence. And, to the extent he is attacking his federal guilty plea, he nevertheless contends that it is California, not the federal government, that is violating the terms of his plea agreement.

(*Id.*) Accordingly, the Court told Petitioner that if he wished to pursue these claims, he must file a petition pursuant to 28 U.S.C. § 2254. (*See* Order filed Nov. 30, 2007 [doc. no. 4].)

On December 19, 2007, Petitioner filed a Motion for Reconsideration of the Court's November 30, 2007 Order. (*See* doc. no. 6.) A motion for reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D.Hawaii 1987), *rev'd on other grounds* , 855 F.2d 860 (9th Cir.1988)). Petitioner has not satisfied his burden. As this Court explained to Petitioner in its November 30, 2007 Order, his claims must be brought via a petition filed pursuant to 28 U.S.C. § 2254 which is the sole vehicle for state prisoners who are "in custody pursuant to a state court judgment." *See White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004). Petitioner's motion does not contain any newly discovered evidence which alters this conclusion, there has not been an intervening change of controlling law, nor has the Court committed clear error or rendered a decision which is manifestly unjust.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion for reconsideration. If Petitioner wishes to pursue his claims, he must do so via a petition filed pursuant to 28 U.S.C. § 2254. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK PETITION FORM PURSUANT TO 28 U.S.C. § 2254.**

**IT IS SO ORDERED.**

**DATED: January 2, 2008**

Janis L. Sammartino
**Honorable Janis L. Sammartino**
**United States District Judge**

# EXHIBIT 7

Guilty Plea to Murder in 1st Degree
San Diego Superior Court Case 103749
May 9, 1990

0253

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

FILED
KENNETH E. MARTONE
Clerk of the Superior Court
MAY -9 1990
By: A. PECK, Deputy

vs. Martin Walters

CR No. 103749

DA No. B 46516

## PLEA OF GUILTY/NO CONTEST - FELONY

:fendant in the above-entitled action, in support of his/her motion to change his/her plea(s) in open Court, personally and by r attorney, does declare as follows:

Of those charges now filed against me in this case, I plead guilty o the following violations: (List Crimes and Code Sections) (Guilty) No Contest — MW

P.C. § 187 Murder, 1st degree (Count 8) Amended Information

If Applicable) I also admit the following enhancement(s)/prior conviction(s) with which I am charged: (List Court, Docket No. and Date of any Prior Conviction)

N/A

have not been induced to enter the above plea by any promise or representation of any kind, except: (Briefly tate any agreement with the District Attorney.) — MW

Dismiss all remaining counts + allegations; D.A. has no opposition to serving sentence in federal custody; concurrent to federal sentence in 87-0769 G; DA agrees to file no charges against either Martha Walters or Carmen Fonseca (Martin Walters's mother and aunt); Dismiss the companion drug case

**T TO A LAYWER**

understand that I have the right to be represented by a lawyer at all stages of the proceedings. I can hire my own awyer, or the Court will appoint a lawyer for me if I cannot afford one. — MW

**TITUTIONAL RIGHTS**

| :stand that I also have the following constitutional rights, which I ve up to plead either Guilty/No Contest: | I understand this right. | I give up this right. |
|---|---|---|
| he right to be tried by a jury, in a speedy, public trial. | MW | MW |
| he right to confront and to cross-examine all the witnesses gainst me. | MW | MW |
| he right to remain silent (unless I choose to testify on my own ehalf). | MW | MW |
| he right to present evidence and to have witnesses subpoenaed to :stify in my behalf at no cost to me. | MW | MW |

**EQUENCES OF PLEA OF GUILTY OR NO CONTEST**

understand that I may receive this maximum penalty as a result of my plea: 15 yrs to life years in State Prison; $ 10,000 fine and ~~48~~ 60 months parole, with up to one year :turn to prison for every parole violation. If I should receive probation (for up to five years), I understand that I ıay be given up to a year in local custody, plus the fine, and any other conditions deemed reasonable by the :ourt. I understand that if I violate any terms or conditions of probation I can be sent to State Prison for the ıaximum term as stated above. — MW

ʎy attorney has explained to me that other possible consequences of this plea may be: :ircle applicable consequences.) — MW

(a) Consecutive sentences.
(b) Loss of driving privileges.
(c) Commitment to the Youth Authority.
(d) Registration as a sex offender.
(e) Registration as an arsonist.
(f) Ineligibility for probation/presumptive prison. (circled)
(g) Registration as a narcotics offender.
(h) Restitution and/or a restitution fine. ($100-$10,000) (circled)
(i) Serious felony prior/prison prior. (circled)
(j) Priorable (circled)

understand that if I am not a citizen of the United States a plea of Guilty or No Contest could result in :poration, exclusion from admission to this country, and/or denial of naturalization. N/A

understand that my plea of Guilty or No Contest in this case could result in revocation of my probation or ırole in other cases. N/A

11. I now plead *guilty* (Guilty/No Contest) to the charges(s) described in #1 above and admit that on the date charged I: (Describe facts as to each charge in #1.) [MW]

~~[illegible]~~
*wilfully murdered Christine Reyes, alone, my brother Vincent did not aid or assist in any way with her death* 0254

11a. **(If Applicable)** I understand that as to any and all prior convictions(s)/enhancements(s) alleged against me in this case, I have all the constitutional rights listed in #3-#7 above. As to any prior convictions alleged, I understand that if I request a jury trial on the current case, the jury would not learn of or decide, the prior conviction(s) unless and until the jury found me guilty on the current charges. *N/A*

11b. **(If Applicable)** I herby admit the prior conviction(s)/enhancement(s) listed in this form, and give up my constitutional rights, including the right to separate jury determination on the issue of the prior conviction(s) *N/A*

12. I do understand that the matter of probation and sentence is to be determined solely by the Court. [MW]

13. **(Harvey Waiver)** The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence. [MW]

14. I am entering my plea freely and voluntarily, without threat or fear to me or anyone closely related to me. [MW]

15a. I am pleading Guilty because in truth and in fact I AM GUILTY [MW]

15b. I understand that a plea of No Contest is the same as a plea of Guilty in this criminal case and for all purposes has the same consequences as a plea of Guilty. *N/A*

16. I am now sober. I have not consumed any drug, alcohol or narcotic within the past 24 hours to the extent that my judgment is impaired. [MW]

17. I declare under penalty of perjury, under the laws of the State of California, that I have read, understood, and initialed each item above, and everything on the form is true and correct. [MW]

Dated: *5-9-90* Defendant's Signature *Martin Walters*

Defendant's Address ______ Street ______ City ______ State ______ ZIP

Defendant's Telephone No. ( ) - ______

---

**ATTORNEY'S STATEMENT**

The undersigned states that (s)he is the attorney for defendant in the above-entitled action; that (s)he personally read and explained the contents of the above declaration to the defendant and each item thereof; that no meritorious defense exists to the charge(s) to which defendant is pleading Guilty/No Contest; that (s)he personally observed the defendant fill in and initial each item, or read and initial each item to acknowledge explanation of the contents of each item; that (s)he observed defendant date and sign said declaration; that (s)he concurs in defendant's above plea and in defendant's waiver of constitutional rights.

Dated: *5-9-90* *Larry Aisbride*
Attorney for Defendant

**INTERPRETER'S STATEMENT (If Applicable)**

I, the interpreter in this proceeding, having been duly sworn, truly translated this form and all the questions therein to the defendant in the ______ language. The defendant indicated that (s)he understood the contents of the form and (s)he then initialed and signed the form.

Dated: ______ ______
Court Interpreter

**PROSECUTOR'S STATEMENT**

The People of the State of California, plaintiff in the above-entitled criminal action, by and through its attorney, EDWIN L. MILLER, JR., District Attorney, concurs in the defendant's plea of Guilty/No Contest as set forth above.

Dated: *5.9.90* *Evan Miller*
Deputy District Attorney

**COURT'S FINDINGS AND ORDER**

The Court, having questioned the defendant concerning the defendant's constitutional rights, finds that defendant has voluntarily and intelligently waived his/her constitutional rights. The Court finds that defendant's pleas and admissions are freely and voluntarily made, that defendant understands the nature of the charges and the consequences of the plea, and that there is a factual basis for the plea. The Court accepts defendant's plea, and the defendant is hereby convicted on his plea.

Dated: *5/9/90* [signature]
Judge of the Superior Court

# EXHIBIT 8

Docket Summary of Case CR103749 for Martin Edward Walters From California Court of Appeals for the Fourth Appellate District

# COURT OF APPEAL OF THE STATE OF CALIFORNIA
# FOR THE FOURTH APPELLATE DISTRICT
# DIVISION 1

---

PEOPLE OF THE STATE OF CALIFORNIA
Plaintiff-Respondent
v.
WALTERS, MARTIN EDWARD
Defendant-Appellant

| | | |
|---|---|---|
| CASE NUMBER: | D014157 | |
| NOA/PET DATE: | 03/08/1991 | |
| STATUS: | complete | |
| PRIORITY: | high | |
| CAUSE: | Appeal | |
| CASE TYPE: | Criminal | |
| DISPO DATE: | 05/21/1992 | |
| FINAL DISP: | Affirmed in full with directions | |
| ORIGIN: | Superior | |
| CATEGORY: | crds | Plea conviction |

OLD CASE NUMBER (S):

## TRIAL COURT INFORMATION

| | |
|---|---|
| Case No.: | CR103749 |
| County: | San Diego |
| Court: | San Diego County Superior Court - Main |
| Judge: | Rodriguez |
| Jud. Date: | 01/10/1991 |

## ATTORNEY - PARTY

Office Of The State Attorney General (Bar No. SAGSDG-01)
110 West A St., Ste. 700
San Diego, CA 92101

Plaintiff and Respondent

People Of The State Of Calif.

Handy Horiye (Bar No. CA040442)
2420 University Avenue
San Diego, CA 92104

Defendant and Appellant
Martin Edward Walters
E86183
P. O. Box 7500
D O B 02-13-68
Crescent City, Ca 95332

Appellate Defenders, Inc. (Bar No. ADFI-001)
233 A Street, Suite 1310
San Diego, CA 92101

Unknown
Unknown

DOCKET ENTRIES

03/28/1991
Notice of appeal lodged/received (criminal).

06/25/1991
RECORD ON APPEAL FILED.************
C-2, R-14 Includes Prelim, 1 Confidential Envelope

07/11/1991
Mail returned, unable to forward.

07/12/1991
Counsel appointment order filed.
Atty Horiye Appointed For Martin Walters;
A O B Extended To August 23, 1991

08/21/1991
Granted - extension of time.
To September 22, 1991 For A O B

09/20/1991
Granted - extension of time.

To October 22, 1991 For A O B

10/17/1991
APPELLANT'S OPENING BRIEF.
,

11/14/1991
Granted - extension of time.
To December 16, 1991 For R B

12/05/1991
RESPONDENT'S BRIEF.
,

12/12/1991
APPELLANT'S REPLY BRIEF.
,

12/05/1991
***TO BE ASSIGNED***.

12/26/1991
CASE FULLY BRIEFED.

12/26/1991
Oral argument waiver notice sent.
(Jan. 5th)

02/26/1992
Exhibit request rule 10d by:
By Appellant - Court'S 1, 2 & 3

03/06/1992
Exhibits returned to county clerk.
1 Envelope & One Box #Cr103749 For Valerie

03/16/1992
On May calendar.

03/16/1992
Huffman, Richard D.
H W B

05/19/1992
Submission order filed.

H W B

05/21/1992
Opinion filed.
The Trial Court Is Directed To Amend The Abstract Of Judgment To Reflect A Total Restitution Order

05/21/1992
Previous entry continued.
Of $1,129.15 And A Restitution Fine Of $5,000. In All Other Respects, The Judgment Is Affirmed.

05/21/1992
Previous entry continued.
Huffman, J., Wiener, Acting P. J., Benke, J.

05/22/1992
Exhibits returned to county clerk.
1 Box & 2 Envelope #Cr103749

07/02/1992
Record transmitted to Supreme Court.
1 Vol.

07/22/1992
Telephone conversation with:
Supreme Court - Jurisdiction Extended To 8/28/92

08/12/1992
Petition for review denied in Supreme Court.
Appellant'S Petition For Review Denied.
Order Filed In This Court On August 17, 1992

08/17/1992
Remittitur issued.

08/17/1992
Record returned from Supreme Court.
3 Vols.

09/11/1992
Counsel fee order filed in amount of:
$2097.59 ($2047.50 - Fees; $50.09 - Exp)
Attorney Horiye

04/01/1994
Record packed and ready to ship.
List 48 Box 39 Vol. 1
List 48 Box 40 Vol. 2

02/09/1995
Record shipped to records center - Sacramento.

08/29/1998
Case complete.

02/08/2006
Record Received from Storage.

03/01/2006
Record Returned to Storage.

03/14/2008
Record Received from Storage.

03/27/2008
Record shipped to records center - Sacramento.

## CASE DISPOSITION / JUDGES PANEL INFORMATION

| | |
|---|---|
| Disposition: | Affirmed in full with directions |
| Date: | 05/21/1992 |
| Status: | Final |

Opinion Type: Signed Unpublished

Notes: 02/23/2007: HUFFMAN, J., WIENER, ACTING P. J., BENKE, J.

## AUTHORIZING JUSTICES

Justice 1: Huffman, Richard D. (Author)

Justice 2: Wiener, Howard B. (Concur)

Justice 3: Benke, Patricia D. (Concur)

## COURT REPORTER INFORMATION

| | |
|---|---|
| Name: | David Wesley Daily |
| CSR No.: | 6885 |
| Trial Court Case No.: | CR103749 |
| Estimated Compl. Date: | 05/27/1991 |
| Filed Date: | 06/05/1991 |
| Number of Extensions: | 0 |

| | |
|---|---|
| Name: | Yvonne Ann Moreno |
| CSR No.: | 5366 |
| Trial Court Case No.: | CR103749 |
| Estimated Compl. Date: | 05/27/1991 |
| Filed Date: | 05/24/1991 |
| Number of Extensions: | 0 |

| | |
|---|---|
| Name: | Jack Tyler |
| CSR No.: | 92700 |
| Trial Court Case No.: | CR103749 |
| Estimated Compl. Date: | 05/27/1991 |
| Filed Date: | 06/17/1991 |
| Number of Extensions: | 0 |

## SCHEDULED ACTIONS

No scheduled actions

## END OF DOCKET SHEET

# COURT OF APPEAL OF THE STATE OF CALIFORNIA
# FOR THE FOURTH APPELLATE DISTRICT
# DIVISION 1

---

In re MARTIN E. WALTERS on Habeas Corpus

| | | |
|---|---|---|
| CASE NUMBER: | D050312 | |
| NOA/PET DATE: | 02/16/2007 | |
| STATUS: | complete | |
| PRIORITY: | high | |
| CAUSE: | Original Proceeding | |
| CASE TYPE: | Criminal | |
| DISPO DATE: | 05/24/2007 | |
| FINAL DISP: | Petition summarily denied by order | |
| ORIGIN: | Superior | |
| CATEGORY: | hc | Habeas corpus |

OLD CASE NUMBER (S): D045658,D014157

## TRIAL COURT INFORMATION

| | |
|---|---|
| Case No.: | CR103749 |
| County: | San Diego |
| Court: | San Diego County Superior Court - Main |
| Judge: | |
| Jud. Date: | |

## ATTORNEY - PARTY

In propria persona

Petitioner
Martin E. Walters
E86183
PO Box 4000
6-206-Up
Vacaville, CA 95696

Case Information as of June 11, 2008

Office of the Attorney General (Bar No. SAGSDG-02)
P. O. Box 85266
San Diego, CA 92186

Respondent
The People

Office Of The District Attorney (Bar No. DATSDG-01)
Appellate Division
P. O. Box X-1011
San Diego, CA 92112

Respondent
The People

## DOCKET ENTRIES

02/16/2007
Petition for a writ of habeas corpus filed.

05/24/2007
Order denying petition filed.

05/24/2007
Case complete.

07/11/2007
Record transmitted to Supreme Court.

08/21/2007
Record returned from Supreme Court.

08/15/2007
Petition for review denied in Supreme Court.
order filed in this court on 8/22/07

## CASE DISPOSITION / JUDGES PANEL INFORMATION

| | |
|---|---|
| Disposition: | Petition summarily denied by order |
| Date: | 05/24/2007 |

Case Information as of June 11, 2008

Status: Final
Opinion Type:

Notes: 05/24/2007: CAT

## AUTHORIZING JUSTICES

No case opinion vote

## COURT REPORTER INFORMATION

No court reporters

## SCHEDULED ACTIONS

Due Date: 05/23/2008
Action: Record sent to storage.

## END OF DOCKET SHEET

# COURT OF APPEAL OF THE STATE OF CALIFORNIA
# FOR THE FOURTH APPELLATE DISTRICT
# DIVISION 1

---

In re MARTIN E. WALTERS on Habeas Corpus

| | |
|---|---|
| CASE NUMBER: | D045658 |
| NOA/PET DATE: | 01/07/2005 |
| STATUS: | complete |
| PRIORITY: | high |
| CAUSE: | Original Proceeding |
| CASE TYPE: | Criminal |
| DISPO DATE: | 02/15/2005 |
| FINAL DISP: | Petition summarily denied by order |
| ORIGIN: | Superior |
| CATEGORY: | hc Habeas corpus |

OLD CASE NUMBER (S): D014157

## TRIAL COURT INFORMATION

| | |
|---|---|
| Case No.: | CR103749 |
| County: | San Diego |
| Court: | San Diego County Superior Court - Main |
| Judge: | Bruce-Lyle, Desiree |
| Jud. Date: | |

## ATTORNEY - PARTY

In propria persona

Petitioner
Martin E. Walters
E86183
P.O. Box 8502
B3 - 131L
Coalinga, CA 93210

Case Information as of June 11. 2008

Office of the Attorney General (Bar No. SAGSDG-02)
P. O. Box 85266
San Diego, CA 92186

Respondent
The People

Office Of The District Attorney (Bar No. DATSDG-01)
Appellate Division
P. O. Box X-1011
San Diego, CA 92112

Respondent
The People

DOCKET ENTRIES

01/07/2005
Petition for a writ of habeas corpus filed.

02/15/2005
Order denying petition filed.
See order

02/15/2005
Case complete.

02/24/2006
Record sent to storage.

CASE DISPOSITION / JUDGES PANEL INFORMATION

| | |
|---|---|
| Disposition: | Petition summarily denied by order |
| Date: | 02/15/2005 |
| Status: | Final |
| Opinion Type: | |

Notes: 02/23/2007: Nares, Acting P.J.; Huffman, J.; Aaron, J.

AUTHORIZING JUSTICES

No case opinion vote

COURT REPORTER INFORMATION

No court reporters

SCHEDULED ACTIONS

No scheduled actions

END OF DOCKET SHEET

# EXHIBIT 9

California State Parole Board Denial
February 24, 2005

**BOARD OF PRISON TERMS** **STATE OF CALIFORNIA**

**LIFE PRISONER: PAROLE CONSIDERATION PROPOSED DECISION:**

**DENY PAROLE**

[✓] **PAROLE DENIED FOR:** 1 2 3 4 (5) **YEARS**

Place the prisoner on the 2/2010 calendar for his next subsequent hearing.

If this decision is final, you WILL NOT get paroled. The Board will send you a copy of the decision. It will indicate the reasons you did not get paroled. If this decision is not final, the Board will set up another hearing. You can read the laws about your hearing. You can find the laws at California Code of Regulations, Title 15, section 2041.

**RECOMMENDATIONS**

**The Board Recommends:**

[✓] No more 115's or 128A's

[ ] Work to reduce custody level

[✓] Get self-help*

[✓] Stay discipline free

[✓] Learn a trade*

[✓] Get therapy*

[✓] Earn positive chronos

[ ] Get a GED*

[ ] Recommend transfer to __________

[ ] Other

* These programs are recommended if they are offered at your prison and you are eligible/able to participate.

**HEARING PANEL**

Name [signature] Date 2/24/05

Name [signature] Date

Name Date

| NAME | CDC# | PRISON | DATE |
|---|---|---|---|

**BPT 1005(b)**
**(REV 04/04)**

INMATE COPY
Apr 13,2006 11:47AM

Distribution: White-C File
Canary-BPT
Pink-Prisoner

**BOARD OF PRISON TERMS** **STATE OF CALIFORNIA**

**Records Use Only**

Parole Release Date ____ YR MO DAY

Attach Prison Calculation Sheet

[ ] PAROLE GRANTED – (YES)
CDC: Do not release prisoner before Governor's review.

[✓] PAROLE DENIED – (NO) 5 years
New Psych Requested

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR: ____ YEAR(S)
[ ] HEARING POSTPONED/REASON: ____

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**

[✓] No more 115's or 128A's
[ ] Work to reduce custody level
[✓] Get self-help*
[✓] Stay discipline free
[✓] Learn a trade*
[✓] Get therapy*
[✓] Earn positive chronos
[ ] Get a GED*

[ ] Recommend transfer to ____
[ ] Other ____

* These programs are recommended if they are offered at your prison and you are eligible/able to participate.

**Penal Code 3042 Notices** [ ] Sent Date: December 27, 2004

Commitment Offense(s) 187 (Code(s)) Murder 1st (Crimes(s))
CR103749 (Case #(s)) 08 (Count #(s))

| Date Inmate Came to CDC | Date Life Term Began | Minimum Eligible Parole Date |
|---|---|---|
| 02/21/1991 | 02/21/1991 | 09/01/2005 |

[ ] Initial Hearing [ ] Subsequent (Hearing No.) ____ Date of Last Hearing ____

CDC Representative E. K. Parks
Attorney for Prisoner Maryann Tardiff Address
D.A. Representative Video Conference County San Diego

This form and the Board's decision at the end of the hearing is only proposed and NOT FINAL. It will not become final until it is reviewed.

Chair [signature] Date 2/24/05
Panel Member [signature] Date
Panel Member [signature] Date

| NAME | CDC # | PRISON | CALENDAR | DATE |
|---|---|---|---|---|
| Walters, Martin | E86183 | PVSP | February 2005 | 02/24/2005 |

BPT 1001 (REV. 08/03)

INMATE COPY

Apr 13,2006 11:47AM

# EXHIBIT 10

Excerpt of Federal Bureau of Prisons Inmate Profile for Martin Edward Walters

USA06 535.03 * INMATE PROFILE * 06-11-2008
PAGE 002 OF 002 11:17:25
15496-198 REG

REGNO: 15496-198 FUNCTION: DIS DOB/AGE.: [redacted] 1968 / 40
NAME.: WALTERS, MARTIN EDWARD R/S/ETH.: W/M/O
RSP..: WXR-WESTERN REGIONAL OFFICE MILEAGE.: 307 MILES
PHONE: 209-956-9700 FAX: 209-956-9793

| FACL | CATEGORY | - - - - - | CURRENT ASSIGNMENT - - - - - - - | EFF DATE | TIME |
|---|---|---|---|---|---|
| WXR | ADM-REL | A-STCONCUR | STATE CONCURRENCY CASE | 11-04-1991 | 0701 |
| WXR | CASE MGT | V94 CDB913 | V94 CURR DRG TRAF BEFORE 91394 | 02-19-1999 | 1401 |
| WXR | CASE MGT | V94 CVB913 | V94 CURR VIOL BEFORE 91394 | 02-19-1999 | 1413 |
| WXR | CASE MGT | WA NO HIST | NO WALSH ACT OFFENSE HISTORY | 03-07-2008 | 1017 |
| WXR | CUSTODY | IN | IN CUSTODY | 03-19-1991 | 0704 |
| WXR | DESIG/SENT | PAPA | TEAM PAPA | 10-23-2006 | 0753 |
| WXR | EDUC INFO | GED LT8 EN | ENROLL GED/LT8/NON-PROMOTABLE | 06-01-1991 | 0712 |
| WXR | FIN RESP | UNASSG | FINANC RESP-UNASSIGNED | 10-21-1988 | 2050 |
| WXR | LEVEL | UNASSG | UNASSIGNED | 10-21-1988 | 2050 |
| WXR | MED DY ST | NO F/S | NO FOOD SERVICE WORK | 08-03-1990 | 0949 |
| WXR | MED DY ST | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 08-03-1990 | 0948 |

G0005 TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

Case 3:88-cr-00769-DMS Document 238-2 Filed 06/26/2008 Page 49 of 50

15496-198 REG

REGNO: 15496-198 FUNCTION: DIS DOB/AGE.: [redacted]-1968 / 40
NAME.: WALTERS, MARTIN EDWARD R/S/ETH.: W/M/O
RSP..: WXR-WESTERN REGIONAL OFFICE MILEAGE.: 307 MILES
PHONE: 209-956-9700 FAX: 209-956-9793
PROJ REL METHOD: GOOD CONDUCT TIME RELEASE FBI NO..: 312685HA3
PROJ REL DATE..: 10-16-2010 INS NO..:
PAR ELIG DATE..: N/A SSN.....: [redacted]
PAR HEAR DATE..: PSYCH: NO DETAINER: NO CMC..: YES

| FACL | CATEGORY | - - - - - - CURRENT ASSIGNMENT - - - - - - - | | EFF DATE | TIME |
|---|---|---|---|---|---|
| WXR | ADM-REL | A-STCONCUR | STATE CONCURRENCY CASE | 11-04-1991 | 0701 |
| WXR | CUSTODY | IN | IN CUSTODY | 03-19-1991 | 0704 |
| WXR | SECOND RSP | | | | |
| WXR | WAITNG LST | | | | |

OFFN/CHG RMKS: CONSP TO MANUFACTURE METH,POSS PIPE BOMB & SAWED OFF SHOTGUN.
OFFN/CHG RMKS: 272 MOS & 3 YRS SR. CC W/CALIFORNIA STATE. DOC E86183

G0002 MORE PAGES TO FOLLOW . . .

Case 3:88-cr-00769-DMS Document 238-2 Filed 06/26/2008 Page 50 of 50



REGNO..: 15496-198 NAME: WALTERS, MARTIN EDWARD
COMP NO: 010 ALL CURR COMPS(Y/N): Y ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

EXPIRATION FULL TERM DATE.......: 09-16-2013

PROJECTED SATISFACTION DATE.....: 10-16-2010
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: IN STATE CUSTODY WHEN SENTENCED. FEDERAL SENTENCE ORDERED TO RUN CONCURRENT WITH STATE SENTENCE.

S0055 NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE